### J. S. McELWAIN & others *vs.* FIRST CONGREGATIONAL SOCIETY OF HOLYOKE & others.

Hampden.   November 13, 1890. — February 24, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, &.LATHROP, JJ.

*Will — Construction — Forfeiture of Bequest.*

A testator, in item 5 of his will, gave $112,500 to trustees " in trust for the following uses and purposes, and subject to the following conditions and limitations,"

namely, to pay over the income of specified portions thereof for various purposes, including the income of $5,000 to a religious society without either condition or limitation. In item 7 he directed that, after the death of certain persons, the principal of the portions specified should be given to the several recipients of the income thereof, attaching to the gift of the $5,000 to the society certain conditions. *Held*, that the gift of the income to the society in item 5 was not affected by the conditions attached to the gift of the principal in item 7, and that such income was not forfeited by a breach of such conditions.

BILL IN EQUITY for instructions.   *Holmes*, J. reserved the case for the consideration of the full court.   The facts appear in the opinion.   The case was submitted on briefs in November, 1890, and afterwards, in February, 1891, was resubmitted on the same briefs to all the judges.

*G. D. Robinson & W. Robinson*, for the society.

*W. H. Brooks*, for certain heirs at law.

MORTON, J.   This is a bill for instructions, brought by the plaintiffs as trustees under the will of Whiting Street, late of Northampton.   The question relates to the construction to be given to items 5 and 7 in said will, so far as concern the bequests therein given to the First Congregational Society of Holyoke.   It is claimed by the heirs at law, who are made parties defendant, that the bequest to the society in item 5 is subject to the same conditions and limitations as that given to the society in item 7, and that, as there has been a breach of these conditions, the society is no longer entitled to the net annual income given it in item 5, but has forfeited it, and they, the heirs at law, are entitled to it.

Item 5 begins as follows: " I give and bequeath to the persons hereinafter named as trustees under this will the sum of one hundred and twelve thousand five hundred (112,500) dollars, to hold strictly in trust for the following uses and purposes, and subject to the following conditions and limitations, viz. : 1st. To pay to the inhabitants of the following named towns and city, all in the Commonwealth of Massachusetts, respectively, in their corporate capacity as towns and city, in trust for the relief and comfort of the worthy poor of said towns and city who shall not be in the almshouse, nor be town or city paupers, as follows." Then follows a list of the towns and the name of the city, Holyoke, and to each is given " the net annual income " of a certain specified sum of money.   After the list of the towns is concluded, the item goes on

as follows : " 2d. To pay to the First Congregational Society in Holyoke the net annual income of five thousand (5,000) dollars. 3d. To apply the net annual income of five hundred (500) dollars for the adornment and improvement of the cemetery in Holyoke, which is located on the highway leading from Northampton to Holyoke." The item concludes as follows : " 4th. To apply the net annual income of one thousand (1,000) dollars for the support and maintenance of the Catholic orphan institution, situated on Dwight Street in Holyoke, called ' The House of Providence.' " The trustees referred to in the commencement of item 5 are named in item 6, but, as that item contains nothing material to the question now raised, it is not necessary to quote any of its provisions. In item 7 the testator directs that, after certain persons named in ·item 6 shall have all deceased, " the aforesaid sum of one hundred and twelve thousand five hundred (112,500) dollars given to the trustees under this will in trust, with any undistributed interest accrued thereon, shall be paid over by said trustees as follows : to the inhabitants of the following named towns and city, to each town in its corporate capacity as a town, and to the city in its corporate capacity as a city, in trust, the income thereof, to be annually appropriated for the relief and comfort of the worthy poor of said towns and city who shall not be in the almshouse, nor be town or city paupers." Then follows a list of the towns with the name of the city, and the amounts respectively given them. The names are identical with those recited in item 5, and the amounts are the same as those of which they are there given the income. Immediately after the list of municipal beneficiaries comes the bequest to the society as follows : " To the First Congregational Society of Holyoke the sum of five thousand (5,000) dollars in trust on the following conditions, to wit : 1st. That no part of the principal shall ever be spent.   2d. That their meeting-house, or place of worship, shall not be changed from its present locality. 3d. That said society shall not be without a settled minister or stated preaching one year at a time. If the society fails to fulfil either of the conditions named, they shall forfeit their legacy of five thousand dollars, and shall pay it back undiminished to my estate or heirs at law." The item closes with certain conditions which are annexed to the gifts to the towns and the city.

It is obvious that the two items deal with different subjects. Item 5 disposes of the income, and nothing more, while item 7 disposes of the principal of the fund. The testator may well have attached conditions to his bequest of the one, which he did not desire to annex to the other. There is nothing inconsistent in so doing. Neither item contains any express reference to the other. Each seems to be complete in itself, and not to require, in order to understand or explain it, that the other should be read in connection with it. The words " uses and purposes," in the first sentence of item 5, apply to all the bequests contained in that item, and the words " conditions and limitations " apply naturally to such of the bequests in that item as are subject to conditions and limitations, and have their full effect when so applied. The fact that there are no " conditions and limitations " attached to the gift of the income to the society in item 5 does not justify us in importing into item 5 the conditions attached in item 7 to the gift to it of the principal. We cannot infer that the testator intended that the conditions annexed to the gift of the principal in item 7 should apply to the gift of the income in item 5, when he himself has not expressed any such intention, and there is nothing in the nature of the subject to require it. The words of forfeiture in the concluding sentence of the conditions respecting the gift of the principal clearly relate to the gift of the five thousand dollars, and to nothing else. If the testator had intended the conditions and forfeiture to apply to the income, he would naturally have said so. The fact that he did not do it affords a strong presumption that he had no such purpose. And this view is strengthened by the fact that, in the concluding paragraph of item 7, he especially provides that the conditions attached to the bequests to the towns and the city of Holyoke shall apply to the principal and income both. While it is true that different and remote parts of a will may be read in conjunction, and sentences transposed for the purpose of ascertaining more clearly the testator's intention, it is equally true that the order adopted by the testator is not to be departed from when it is consistent with his purposes as expressed in the instrument, and forced construction is not to be adopted for the purpose of giving to the will a conjectural interpretation at variance with its manifest intent.

We have not considered any question relating to the disposition of the principal of the fund, as that matter is not now before the court.          *Decree for First Congregational Society.*